James Sullivan (JS 3099)
Lawrence Spasojevich (LS 1029)
Law Offices of James F. Sullivan, P.C.
52 Duane Street, 7th Floor
New York, New York 10007
T:   (212) 374-0009
F:   (212) 374-9931
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GABRIEL LAINEZ GUERRA,

                  Plaintiff,

-against-

NORTHEAST INTERIORS SPECIALISTS LLC,
NORDEST SERVICES LLC, NORTHEAST SERVICE
INTERIORS, LLC, SWEEPING CLEAN SERVICES, and
FRANCO E. CALIENDO,

                  Defendant.

CASE NO.

**COMPLAINT**

ECF Case,

---

    Plaintiff, GABRIEL LAINEZ GUERRA, by and through his undersigned attorneys, Law Offices of James F. Sullivan, P.C., hereby files this Complaint against Defendants, NORTHEAST INTERIORS SPECIALISTS LLC, NORDEST SERVICES LLC, NORTHEAST SERVICE INTERIORS, LLC, SWEEPING CLEAN SERVICES, and FRANCO E. CALIENDO, and states as follows:

## INTRODUCTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), Plaintiff is entitled to recover from Defendants: (1) unpaid wages at the overtime wage rate; (2) prejudgment and post-judgment interest; and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), Plaintiff is entitled to recover from the Defendants: (1) unpaid wages at the overtime wage rate; (2) statutory penalties; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1332, 1337 and 1343, and has supplemental jurisdiction over Plaintiff state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff, GABRIEL LAINEZ GUERRA, is an adult resident of Bronx County, New York.

6. Upon information and belief, Defendant, NORTHEAST INTERIORS SPECIALISTS LLC, is a foreign business corporation, organized and existing under the laws of the State of New York, registered to do business in New York, with a place of business located at 56-10 Nurge Avenue, Maspeth, New York, 11378.

7. Upon information and belief, Defendant, NORDEST SERVICES LLC, is a foreign business corporation, organized and existing under the laws of the State of New York, registered to do business in New York, with a place of business located at 60-31 60th Pl, Maspeth, New York, 11378.

8. Upon information and belief, Defendant, NORTHEAST SERVICE INTERIORS, LLC, is a foreign business corporation, organized and existing under the laws of the State of New York, registered to do business in New York, with a place of business located at 56-01 Nurge Avenue, Maspeth, New York, 11378.

9. Upon information and belief, Defendant, SWEEPING CLEAN SERVICES INC., is a foreign business corporation, organized and existing under the laws of the State of New York, registered to do business in New York, with a place of business located at 56-10 Nurge Avenue, Maspeth, New York, 11378.

10. Upon information and belief, Defendant, FRANCO E. CALIENDO, is an owner, officer, director and/or managing agent of Defendants who maintains a business address of 56-10 Nurge Avenue, Maspeth, New York, 11378, and who participated in the day-to-day operations of corporate Defendant, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL§ 2 and the Regulations thereunder, and is jointly and severally liable with corporate Defendant.

11. At all relevant times, Defendants were, and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA.

12. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

13. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff the overtime wage rate for all hours worked over forty (40) hours in week in contravention of the FLSA and NYLL.

## STATEMENT OF FACTS

14. In or about August 2006, Plaintiff, GABRIEL LAINEZ GUERRA, was hired by Defendants as a demolition expert.

15. During his employment by Defendants, Plaintiff, GABRIEL LAINEZ GUERRA, worked fifty seven (57) hours per week.

16. Plaintiff, GABRIEL LAINEZ GUERRA's, work week comprised of six (6) days, Monday through Friday, 7:00 a.m. to 5:30 p.m. and Saturday 9:00 a.m. to 3:30 p.m.

17. Plaintiff, GABRIEL LAINEZ GUERRA, was paid $21.00 an hour in 2012, $23.00 an hour in 2013, and $31.00 dollars an hour from 2014 to present and was not paid at the overtime rate for all hours worked over forty (40) in a work week.

18. Defendants did not utilize a time keeping device at the work place to track hours worked by Plaintiff.

19. Plaintiff was not properly compensated wages at the overtime wage rate for all hours worked over forty (40) in a work week.

20. Defendants knowingly and willfully operated their businesses with a policy of not paying Plaintiff wages for the hours worked over forty (40) hours in a week at the overtime wage rate in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

21. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

22. Defendants did not provide Plaintiff with a wage statement or summary, accurately accounting for their actual hours worked, and setting forth their hourly rate of pay and overtime wages.

23. Upon information and belief, this was done in order to disguise the actual number of hours the employees worked and to avoid paying them an overtime wage for all hours worked over forty (40) hours in week.

24. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records.

25. Plaintiff has been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT 1

### [Violation of the Fair Labor Standards Act]

26. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "25" of this Complaint as if fully set forth herein.

27. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

28. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

29. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

30. Plaintiff is entitled to be paid for all hours worked over forty (40) hours in week at the overtime wage rate as provided for in the FLSA.

31. Defendants failed to pay Plaintiff compensation in the lawful amount for all hours worked over forty (40) hours in week as provided for in the FLSA.

32. At all relevant times, each of the Defendants had, and continue to have a policy and practice of refusing to pay Plaintiff for all hours worked over forty (40) hours in week in a work week at the overtime wage rate which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

33. Defendants knowingly and willfully disregarded the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff for all hours worked over forty (40) hours in week at the overtime wage rate when they knew or should have known such was due and that non-payment of a minimum wage and overtime rate would financially injure Plaintiff.

34. Defendants failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21l(c) and 215(a).

35. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

36. Defendants failed to properly disclose or apprise Plaintiff of their rights under the FLSA.

37. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

38. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid wages at the overtime wage rate and, an equal amount as liquidated damages, and prejudgment interest thereon.

39. Plaintiff is entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT 2

### [Violation of the New York Labor Laws]

40. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "39" of this Complaint as if fully set forth herein.

41. The wage provisions of the NYLL apply to the Defendants and protect the Plaintiff.

42. Defendants, pursuant to their policies and practices, refused and failed to pay the earned wage at the overtime wage rate to Plaintiff for all hours worked over forty (40) hours in week and failed to pay a wage of all hours worked.

43. By failing to compensate Plaintiff a wage for all hours worked over forty (40) hours in week at the overtime wage rate, Defendants violated Plaintiff's statutory rights under the NYLL.

44. The forgoing conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

45. Therefore, Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff compensation for all hours worked over forty (40) hours in week in a work week at the overtime wage rate and failing to pay a wage for all hours worked.

46. Due to the Defendants' NYLL violations, Plaintiff is entitled to recover from the Defendants unpaid wages at the overtime wage rate, reasonable attorneys' fees, and costs and

disbursements of this action, pursuant to NYLL § 663(1) et al. and § 198. Plaintiff also seeks liquidated damages pursuant to NYLL § 663(1).

## COUNT 3

### [Failure to provide a Wage Notice]

47. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "46" of this Complaint as if fully set forth herein.

48. The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

49. Defendants have willfully failed to supply Plaintiff with a wage notice, as required by NYLL, § 195(1), within ten (10) days of the start of their employment.

50. Through its knowing or intentional failure to provide the Plaintiff with the wage notice required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

51. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty ($50.00) dollars each day that Defendants failed to provide Plaintiff with a wage notice and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-b).

## COUNT 4

### [Failure to provide Wage Statements]

52. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "51" of this Complaint as if fully set forth herein.

53. NYLL apply to the Defendants and protect the Plaintiff.

54. Through its knowing or intentional failure to provide the Plaintiff with a wage statement as required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

55. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars ($250.00) dollars each day that the Defendants failed to provide Plaintiff with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant the following relief:

(a) An award of unpaid wages at the overtime wage rate due under the FLSA;

(b) An award of liquidated damages as a result of Defendant's failure to pay wages at the overtime wage rate pursuant to 29 U.S.C. § 216;

(c) An award of unpaid wages at the overtime wage rate under the NYLL;

(d) An award of liquidated damages and statutory penalties as a result of Defendant's failure to pay wages at the overtime wage rate, failure to timely pay wages, failure to provide wage notices; failure to provide wage statements, pursuant to the NYLL;

(e) An award of prejudgment and post-judgment interest;

(f) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(g) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
March 25, 2019

Respectfully submitted

By: _____
Lawrence Spasojevich (LS 1029)
Law Offices of James F. Sullivan, P.C.
52 Duane Street, 7th Floor
New York, New York 10007
T: (212) 374-0009
F: (212) 374-9931
*Attorneys for Plaintiff*
ls@jfslaw.net